IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SHARN GREEN, a/k/a SHAWN GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 1:10-0068 |
| v. ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| ) | |
| CCA/SOUTH CENTRAL CORRECTIONAL ) | |
| FACILITY, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss for failure to state a claim upon which relief can be granted filed by Defendant Tennessee Department of Correction. Docket No. 25. In support of the Motion, Defendant has filed an accompanying Memorandum of Law. Docket No. 26

Plaintiff has not responded to Defendant's Motion.

Plaintiff filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. § 1983, alleging that he did not receive a hygiene kit, in violation of his Eighth Amendment rights. Docket No. 1. Plaintiff sues, *inter alia*, the Tennessee Department of Correction, seeking compensatory and punitive damages. *Id.*

Defendant in the instant Motion is the Tennessee Department of Correction. The Tennessee Department of Correction is an agency of the State of Tennessee. The law is

1

well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002). Accordingly, Plaintiff cannot maintain his § 1983 claims against the Tennessee Department of Correction.

For the foregoing reasons, the undersigned recommends that the claims against the Tennessee Department of Correction be DISMISSED, and that the Tennessee Department of Correction be TERMINATED as a Defendant in this matter.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                      E. CLIFTON KNOWLES
                                      United States Magistrate Judge