IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SHARN GREEN, a/k/a, SHAWN GREEN, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 1:10-0068 ) JUDGE TRAUGER/KNOWLES ) |
| CCA/SOUTH CENTRAL CORRECTIONAL FACILITY, et al., | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss (Docket No. 58) filed on behalf of Defendant Gayle Ray, who has been sued in her official and individual capacities (Docket No. 40-1, p. 2-3). The Motion, filed pursuant to Fed. R. Civ. P. 12(b)(6), argues that Plaintiff has failed to state a claim upon which relief can be granted. The only substantive allegation in the Amended Complaint with regard to Defendant Ray is as follows:

> I have complained to defendants Lindamood, Hacker, Tomlinson, Buttram, Gayle Ray, Ruben Hodge, about my situation by grievance, and letter, all to no avail. The defendants action and/or inaction violate my 8th and 14th Amendment-U.S. Const. Rights. Gayle Ray and Ruben Hodge are employees of T.D.O.C. per T.C.A.§ 4-3-603 & 606, and § 4-6-102 that all defendants are sued in their official and/or individual [*sic*].

This is a pro se, in forma pauperis, action filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Tennessee Department of Correction. Plaintiff claims that he "went without hygiene for six (6) months." Docket No. 1, p. 2. Plaintiff avers that certain Defendants would

not give him a hygiene kit, because he was not on the "indigent list." He states that he works and has "money coming in," but that the State takes "all my money once I get paid." *Id.*, p. 5. Some of the Defendants told Plaintiff they did not have to give Plaintiff a hygiene kit because he is not on the indigent list. Plaintiff also states, however, "the only way I can received [*sic*] a hygiene kit is sign for it." *Id.*, p. 10.

Plaintiff has not filed a Response to the instant Motion.

A Plaintiff proceeding under 42 U.S.C. § 1983 must allege that a Defendant official was either directly involved in allegedly unconstitutional conduct or was somehow personally involved in the allegedly unconstitutional activity. *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983). Respondeat superior is not a basis for imposing liability on supervisory officials under § 1983. *Rizzo, supra*; *Hays v. Jefferson County,* 668 F.2d 869, 872-74 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). "At a minimum, a Section 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984). Furthermore, "[C]ombination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Henry v. Pogats,* 35 F.3d 565 (6th Cir. 1994).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Plaintiff has not alleged sufficient facts to show that he is entitled to relief with regard to Defendant Ray.

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 58) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge