IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SHARN GREEN aka SHAWN GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-00068 |
| ) | Judge Trauger/Knowles |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

This matter is before the Court upon a Motion to Dismiss Plaintiff's Amended Complaint filed by Reuben Hodge, the only remaining Defendant in this action. Docket No. 79. Along with his Motion, Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 80.

Plaintiff has filed a "Motion to Oppose Dismisse of Reuben Hodge," which the undersigned will construe as a Response. Docket No. 102.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, originally alleging that various Defendants violated his Eighth and Fourteenth Amendment rights when they did not provide him with hygiene kits in October 2009, December 2009, January 2010, February 2010, March 2010, May 2010. *Id.* Each of the original Defendants has been terminated as a party in this action. *See* Docket Nos. 53, 99. Plaintiff amended his Complaint, adding Gayle Ray and Reuben Hodge as Defendants. Docket Nos 40, 57. Gayle Ray has been

terminated as a party in this action. Docket No. 86. Accordingly, Rueben Hodge is the only remaining Defendant in this matter. Plaintiff's sole claim against Defendant Hodge is that Plaintiff complained to him via grievance and letter about his not receiving a hygiene kit, but that Defendant Hodge did not "do anything about it."

Defendant filed the instant Motion and supporting memorandum on March 17, 2011. Docket Nos. 79-80. Defendant Hodge contends that the foregoing allegation fails to state a claim against him upon which relief can be granted because 42 U.S.C. §1983 does not permit the imposition of *respondeat superior* liability, and because Plaintiff has failed to allege that Defendant Hodge was personally involved in the alleged deprivation of Plaintiff's hygiene kits. Docket No. 80.

Plaintiff responds that Defendant Hodge was involved because he denied Plaintiff's grievances, and because Defendant Hodge "has the last say so on the grievance, and refused to help me recieved [*sic*] any personal hygiene items." Docket No. 102.

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 79), be GRANTED.

**II. Allegations Of Plaintiff's Amended Complaint As They Pertain To Defendant Hodge**

Assistant T.D.O.C. Commissioner Rueben Hodge refused to do anything about Plaintiff's not receiving hygiene supplies, even though Plaintiff filed grievances complaining about the situation. Docket No. 40-1.

## III. Analysis

### A. Standards of Review: Motions to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . .

3

> Determining whether a complaint states a plausible claim for relief
> will, as the Court of Appeals observed, be a context-specific task
> that requires the reviewing court to draw on its judicial experience
> and common sense. . . . But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not "show[n]" -
> "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

### B.  42 U.S.C. § 1983

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983.  *See* Docket No. 1.  Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress...

Thus, in order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is

clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C.  The Case At Bar**

Plaintiff cannot sustain his claims against Defendant Hodge, as the Assistant T.D.O.C. Commissioner, because § 1983 does not permit the imposition of liability based upon *respondeat superior* (*Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996)), and the filing of a complaint or grievance to a prison official is an insufficient basis upon which to establish personal liability for a constitutional violation (*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).  Moreover, a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Henry v. Pogats*, 35 F.3d 565, 1994 WL 462129 (6th Cir. 1994). Because Plaintiff's sole allegations against Defendant Hodge are that he refused to do anything about Plaintiff's not receiving hygiene supplies, even though Plaintiff filed grievances complaining about the situation, Plaintiff has failed to allege sufficient personal involvement by Defendant Hodge.  Accordingly, Plaintiff has failed to state a claim against Defendant Hodge upon which relief can be granted.

## VI.  Conclusion

For the reasons discussed above, the undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted against Defendant Hodge.  Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                                                                 _____
                                                                                                                  E. CLIFTON KNOWLES
                                                                                                  United States Magistrate Judge